**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | |
|---|---|
| Shaheen Cabbagestalk, #295567, a/k/a James Cabbagestalk, <br><br>　　　　　Plaintiff, <br><br>　v. <br><br> Lt. William Berley; Warden Nelson; Associate Warden Tisdale; Ms. Black; Ms. Jackson; Lt. Colbert; Lt. Damon Green; Associate Warden Ramos; and Warden Stephan, <br><br>　　　　　Defendants. | C/A. No. 5:20-1351-RMG <br><br> **ORDER AND OPINION** |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 88) recommending the Court (1) grant Defendants' motion to dismiss (Dkt. No. 68) and (2) deny various motions filed by Plaintiff.[1] Before the Court is also Plaintiff's motion for a permanent restraining order. (Dkt. No. 94). For the reasons set forth below, the Court adopts the R & R in its entirety, grants Defendants' motion to dismiss (Dkt. No. 68), denies Plaintiff's various motions (Dkt. Nos. 18, 20, 21, 31, 37, 39, 52, 57, 58, 61, 66, 67, 80, 82) and denies Plaintiff's motion for a permanent restraining order (Dkt. No. 94).

**I.    Background**

---

[1] The R & R recommends dismissing the following motions filed by Plaintiff: Emergency Motion for Temporary Restraining Order, (Dkt. No. 18); Motion to Enforce Restraining Order, (Dkt. No. 20); Motion for Removal out of SCDC Custody, (Dkt. No. 21); Motion for Temporary Restraining Order, (Dkt. No. 31); Motion for Relief, (Dkt. No. 37); Emergency Motion for Relief, (Dkt. No. 39); Motion to Intervene and Order Relief of Me from SCDC, (Dkt. No. 67); Motion for Jurisdictional Proof, (Dkt. No. 82); various Motions to Amend, (Dkt. Nos. 52, 57, 58, and 66); Motion to Produce, (Dkt. No. 61), and Motion to Quash Subpoena, (Dkt. No. 80).

1

Plaintiff, an inmate with the South Carolina Department of Corrections ("SCDC"), filed this 42 U.S.C. § 1983 action alleging that Defendants violated his constitutional rights. Defendants moved to dismiss Plaintiff's complaint on August 28, 2020. (Dkt. No. 68). In their motion, Defendants represent that Plaintiff failed to obtain leave of this court before filing a claim for monetary relief as required by *Cabbagestalk v. Sterling, et al.*, No. 5:17-2703-RMG, 2018 WL 339940 (D.S.C. Jan. 9, 2018) (issuing prefiling injunction against Plaintiff). Plaintiff filed a Response to the Motion to Dismiss on September 3, 2020. (Dkt. No. 83).

On September 10, 2020 the Magistrate Judge filed an R & R recommending Defendants' Motion to Dismiss be granted and that this case be dismissed. Relatedly, the Magistrate Judge recommend denying as moot Plaintiff's various Motions to Amend, (Dkt. Nos. 52, 57, 58, 66), and Plaintiff's Motion to Produce, (Dkt. No. 61), Motion to Quash Subpoena, (Dkt. No. 80), and Motion for Jurisdictional Proof, (Dkt. No. 82). Finally, the Magistrate Judge recommended denying Plaintiff's Motions for Injunctive Relief, (Dkt. Nos. 18, 20, 21, 31, 37, 39, 67). On September 23, 2020 Plaintiff filed timely objections to the R & R. (Dkt. 96).

**II.     Legal Standard**

    **a. Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects to. Fed. R. Civ. P. 72 (b)(2). Where a plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only

2

satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-cv-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). Plaintiff filed objections to the R & R, and the R & R is reviewed *de novo*.

  **b. Motion to Dismiss Pursuant to Rule 12(b)(6)**

  Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted."  A motion to dismiss tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . .  Our inquiry then is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted).  On a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).  Although the Court must accept the facts in a light most favorable to the plaintiff, the Court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*  Generally, to survive a motion to dismiss the complaint must provide enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. Pro. 8(a)(2).  Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show

more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*

### III.    Discussion

After review of the record, the R & R, and Plaintiff's objections, the Court finds the Magistrate Judge accurately set forth the facts and legal principles in this case and adopts the R & R in its entirety.

As the Magistrate Judge correctly stated, in *Cabbagestalk v. Sterling, et al.*, No. 5:17-2703-RMG, 2018 WL 339940 (D.S.C. Jan. 9, 2018), this Court issued a prefiling injunction against Plaintiff. In *Cabbagestalk v. Sterling*, Plaintiff filed a motion for reconsideration of a prior order denying a request for a temporary restraining order and dismissing Plaintiff's complaint with prejudice. Plaintiff's complaint had alleged "that prison guards [were] harassing him and conspiring with inmates to kill." The court noted, however, that "Plaintiff is an extreme serial litigant who has filed at least 23 other actions in this Court, 8 actions in the Richland County Court of Common Pleas, and 7 mandamus actions in the Fourth Circuit. Plaintiff's ability to file *in forma pauperis* was revoked years ago under the three-strike provision of 28 U.S.C. § 1915(g) for frivolous filings. That has not prevented Plaintiff from continuing to file frivolous lawsuits. Plaintiff often invokes the 'imminent danger of serious physical injury' exception to the three-strike rule." *Id.* at *1. Finding no reason to reconsider the court's previous ruling dismissing plaintiff's complaint, and having warned Plaintiff that the court was "considering the imposition of a prefiling injunction against Plaintiff," the court issued a prefiling injunction:

> 1. The court **ENJOINS** Plaintiff from filing any new action or proceeding in any federal court, other than a petition for habeas relief, without first obtaining leave of that court; and
>
> 2. The court **ENJOINS** Plaintiff from filing any further papers in any case, either pending or terminated, in the District of South Carolina, without first obtaining leave of court.
>
> These injunctions apply only to *pro se* filings and do not apply to any action filed by counsel on Plaintiff's behalf. Leave of court for *pro se* filings shall be forthcoming upon Plaintiff's demonstrating through a properly filed motion that the proposed filing: (1) can survive a challenge under Rule 12 of the Federal Rules of Civil Procedure; (2) is not barred by principles of issue or claim preclusion; (3) is not repetitive or violative of a court order; and (4) is in compliance with Rule 11 of the Federal Rules of Civil Procedure.

*Id.* at *1-2 (noting that Plaintiff's "forty frivolous lawsuits over the last eleven years is a clear abuse of process that the Court can no longer tolerate").

In the instant matter, in light of *Cabbagestalk v. Sterling, et al.*, No. 5:17-2703-RMG, 2018 WL 339940 (D.S.C. Jan. 9, 2018), the Magistrate Judge concluded that, "Based on the pleadings, Defendants' Motion to Dismiss, and Plaintiff's response to the dispositive motion, it is clear . . . that Plaintiff has not complied with the conditions laid out in the above Order imposing a prefiling injunction." The Court agrees with the Magistrate Judge's findings that Plaintiff has not complied with this Court's January 9, 2018 Order, and therefore adopts the R & R and grants Defendant's motion to dismiss (Dkt. No. 68).[2] Plaintiff filed objections to the R & R, which the Court addresses below.

---

[2] Relatedly, the Court also agrees with the Magistrate Judge that Plaintiff's motions to amend, (Dkt. Nos. 52, 57, 58, 66), should be denied as moot as none as "none of them, even if supplementing his prior pleadings, comply with the conditions laid out in the above Order imposing a prefiling injunction." (Dkt. No. 88 at 4). The Court also agrees that because Plaintiff has failed to demonstrate pre-filing pleading requirements, Plaintiff's Motion to Produce, (Dkt. No. 61), Motion to Quash Subpoena, (Dkt. No. 80), and Motion for Jurisdictional Proof, (Dkt. No. No. 80), should be denied as moot.

The Court overrules Plaintiff's objections. (Dkt. No. 96). Plaintiff argues, *inter alia*, that he is not barred from presenting claims related to "imminent danger or [the] coronavirus health situation" or "human trafficking." (*Id.* at 1). Plaintiff's objections, however, do not substantively contest this Court's authority to enforce its previously issued injunction nor contest the fact that Plaintiff has not complied with the same in the instant matter.

As it relates to the Plaintiff's various motions for a preliminary injunction, (Dkt. Nos. 18, 20, 21, 31, 37, 39, and 67), the Magistrate Judge noted that "Plaintiff seeks the court's intervention with certain prison-related issues, security and classification issues, and seeks release from SCDC due to the Corona Virus pandemic." (Dkt. No. 88 at 3). The Magistrate Judge correctly concluded, however, that Plaintiff does not meet the burden for injunctive relief as articulated in *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."). *See MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) ("[P]reliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances."). Plaintiff's pending motions for injunctive relief are thus denied.

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 88) as the order of the Court, **GRANTS** Defendant's motion to dismiss (Dkt. No. 68), **DENIES AS MOOT** Plaintiff's motions to amend (Dkt. Nos. 52, 57, 58, 66), **DENIES AS MOOT** Plaintiff's Motion to Produce, (Dkt. No. 61), Motion to Quash Subpoena, (Dkt. No. 80), and Motion for

Jurisdictional Proof, (Dkt. No. No. 82), and **DENIES** Plaintiff's motions for injunctive relief (Dkt. Nos. 18, 20, 21, 31, 37, 39, 67, 94).

    **AND IT IS SO ORDERED.**

<u>s/ Richard Mark Gergel</u>
United States District Court Judge

September 28, 2020
Charleston, South Carolina